In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-20-00084-CR
_____

### JERRI RENEE PARRISH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 17-28313**

### MEMORANDUM OPINION

To carry out the plea agreement Jerri Renee Parrish made with the State, the trial court found Parrish guilty of robbery, assessed a ten-year sentence, but then suspended the sentence and signed an order placing Parrish on community supervision for ten years.[1] Over a year later, the State moved to revoke the

_____

[1]Tex. Penal Code Ann. § 29.02 (Robbery).

community-supervision order, alleging Parrish had violated five conditions of the order.

When the trial court conducted a hearing on the State's motion to revoke, Parrish pleaded "true" to two of the allegations in the State's motion. After Parrish pleaded true to violating the order, the trial court granted the motion and then sentenced Parrish to prison for eight years. Even though Parrish admitted in the hearing to having violated two of the conditions of the community-supervision order, she nonetheless filed a pro se notice of appeal after the trial court signed the judgment and ordered her sentence to be executed.

After Parrish appealed, the attorney the trial court appointed to represent her on the appeal filed a brief in her appeal. In the brief, Parrish's court-appointed attorney argues that Parrish's appeal is frivolous.[2] The Court's records also reflect that Parrish's attorney sent Parrish a letter advising that she had the right to file a pro se brief. The attorney's letter states that the attorney sent Parrish a copy of the reporter's record and the clerk's record in her case. While Parrish could have filed a pro se response, the Court's records do not show she did so.

We have independently reviewed the records and counsel's brief. Based on our review, we agree with counsel's conclusion that Parrish's appeal is frivolous.

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

Therefore, we need not require the trial court to appoint another attorney to re-brief Parrish's appeal.[3] Because no arguable issues support Parrish's appeal, we affirm the trial court's judgment.[4]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on January 24, 2022
Opinion Delivered March 23, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.

---

[3]*Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
[4]Parrish may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.